**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 28 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 14-33442 |
| | ) | |
| Troy A. Neff, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3026 |
| | ) | |
| Daniel M. McDermott, | ) | Hon. Mary Ann Whipple |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Troy A. Neff, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on the Motion of the United States Trustee for Summary Judgment ("Motion") [Doc. # 35] and Defendant's response [Doc. # 36]. Defendant is the Debtor in the underlying Chapter 7 case. In his complaint, Plaintiff, the United States Trustee ("UST"), seeks an order denying Debtor a Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(3), and (a)(4)(A). The UST's Motion addresses only his claim brought under § 727(a)(3). For the following reasons, the UST's Motion will be denied.

**FACTUAL BACKGROUND**

At the outset, the court notes that neither party submitted any affidavits or other evidence in support of or in opposition to the Motion. Instead, the UST relies on certain facts alleged in his complaint and Defendant's answers to those allegations, of which this court may take judicial notice.[1] Specifically, the following facts are admitted in Defendant's answer: Defendant filed a voluntary bankruptcy petition on September 18, 2014, seeking a discharge under Chapter 7 of the Bankruptcy Code. [Doc. # 1, Complaint ¶ 4; Doc. # 31, Answer ¶ 1]. On September 25, 2014, Defendant's bankruptcy case was selected for audit by the UST, and on December 5, 2014, a Report of Audit was filed with the court stating that the audit was not completed because Defendant did not respond to the auditor's requests for information. [Doc. # 1, ¶ 15; Doc. # 31, ¶ 2]. At least as of September 10, 2015, the date Defendant filed his answer, no information had been provided to the auditors or the UST. [Doc. # 1, § 15; Doc. # 31, ¶ 2]. In his answer, Defendant states that "the documents he was required to produce were either unavailable to him or did not exist, but that he hopes to be able to produce what documents do exist for the benefit of the Trustee." [Doc. # 31, ¶ 2].

**LAW AND ANALYSIS**

**I. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

**II. 11 U.S.C. § 727(a)(3)**

A debtor will be denied a discharge if he has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). The purpose of this provision is "to give creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge." *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3rd Cir. 1992). It also ensures that "creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history." *Id.* However, the Bankruptcy Code "does not operate in a 'draconian fashion to require maintenance, preservation, and production of comprehensive records of every minute detail of a debtor's financial and business activity as a precondition to a grant of discharge.'" *AG Credit, ACA v. Walton (In re Walton)*, 165 B.R. 610, 616 (Bankr. N.D. Ohio 1994)(citing *James v. McCoy (In re McCoy)*, 114 B.R. 489, 500 (Bankr. S.D. Ohio 1990)).

The UST, as the objecting party, has the initial burden of proving the inadequacy of Defendant's records. *Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 882 (6th Cir. 1999); *Strzesynski v. Devaul (In re Devaul)*, 318 B.R. 824, 829 (Bankr. N.D. Ohio 2004). In order to meet his burden, he must (1) offer evidence of the general nature of Defendant's business or personal financial position and the types of transactions about which recorded information is sought, (2) present evidence identifying the recorded information he alleges has been concealed, destroyed, mutilated, falsified or not kept or preserved by Defendant, and (3) show how the missing recorded information "might" enable Defendant's actual financial condition or business transactions to be ascertained under the circumstances of the case. *Id.* at 833. Once the UST's initial burden is met, the burden of proof shifts to Defendant to justify the lack of records. *Id.* at 829.

In this case, the only evidence provided in support of the UST's Motion is Defendant's admission that a report of audit was filed with the court stating that the audit was not completed because Defendant did not respond to the auditor's requests for information. However, the UST provides no evidence regarding the types of transactions about which the auditor sought recorded information or how the missing recorded information might enable Defendant's actual financial condition or business transactions to be ascertained. Although Defendant offers argument, but no evidence, as to what his testimony would be regarding reasons

3

for his failure to provide the requested documents, the UST has not met his initial burden of proving the inadequacy of Defendant's records. The burden of proof shifts to Defendant only after the UST's initial burden is satisfied. As such, the UST is not entitled to summary judgment on his § 727(a)(3) claim.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion of the United States Trustee for Summary Judgment [Doc. # 35] be, and hereby is, **DENIED.**

###

4

15-03026-maw    Doc 37    FILED 12/28/15    ENTERED 12/28/15 13:54:52    Page 4 of 4